1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON TURPITT,<br><br>        Plaintiff,<br><br>    vs.<br><br>RIVERBANK HOUSING AUTHORITY, et. al.,<br><br>        Defendants,<br>_____<br>HOUSING AUTHORITY OF THE CITY OF RIVERBANK,<br><br>        Cross-Complainant,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Cross-Defendants. | No.  1:14-cv-00602---SKO<br><br>**ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY UPDATE DOCKET** |

On January 22, 2015, Defendant and Cross-Defendant United States of America filed a stipulation between the U.S. and Cross-Complainant Housing Authority of the City of Riverbank that the cross-complainant's claims against the United States Postal Service be dismissed with prejudice, each party to bear its own costs, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Moreover, the United States noted that it is now the sole cross-defendant on the cross-complaint, having substituted into the action in place of Daryl A. Trujillo.

In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action with a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).  Rule 41 thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  *See Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Caselaw concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.  *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999).  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

Because the parties have filed a stipulation for dismissal of cross-defendant United States Postal Service under Rule 41(a)(1)(A)(ii), the United States Postal Service is no longer a cross-defendant.  Fed. R. Civ. P. 41(a)(1)(A)(ii).

Accordingly IT IS HEREBY ORDERED that the Clerk of the Court update the docket to reflect that (1) the United States Postal Service is no longer a cross-defendant, and (2) Daryl

Trujillo is no longer a defendant or cross-defendant as the United States substituted into the action in his place on December 24, 2014.

IT IS SO ORDERED.

Dated:   **January 26, 2015**                            **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE