```
1   BENJAMIN B. WAGNER
    United States Attorney
2   LYNN TRINKA ERNCE
    Assistant United States Attorney
3   501 I Street Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916) 554-2720
    Facsimile:  (916) 554-2900
5

6   Attorneys for United States of America

7
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON TURPITT,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVERBANK HOUSING AUTHORITY; UNITED STATES OF AMERICA,<br><br>    Defendants. | CASE NO.  1:14-cv-00602 MCE-SKO<br><br>**STIPULATION AND ORDER FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677** |
| HOUSING AUTHORITY OF THE CITY OF RIVERBANK,<br><br>    Cross-Complainant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Cross-Defendant. | |

It is hereby stipulated by and among the undersigned plaintiff (meaning any person, other than the defendants and the attorneys, signing this agreement, whether or not a party to this civil action) ("Plaintiff), defendant/cross-complainant Housing Authority of the City of Riverbank ("Authority") and defendant/cross-defendant the United States of America ("United States"), by and through their respective attorneys, as follows:

///

///

1. Plaintiff hereby agrees to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, under the terms and conditions set forth in this Stipulation.

2. The parties have agreed to settle this matter for a total sum of $8,500.00 (Eight Thousand Five Hundred Dollars) as follows:  The United States and the Authority each agrees to pay the sum of $4,250.00 (Four Thousand Two Hundred Fifty Dollars) to Plaintiff, which sums shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this action, including any future claims for wrongful death, for which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States or the Authority, their agents, servants, and employees.

3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sum set forth in this Stipulation in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, which they may have or hereafter acquire against the United States or the Authority, their agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States and the Authority, their agents, servants, and employees from and against any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators, or assigns against any third party or against the United States or the Authority, including claims for wrongful death.

///

///

4.	Plaintiff expressly waives any rights or benefits available pursuant to Section 1542 of the Civil Code of the State of California, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The parties understand and agree that this Stipulation shall act as a release of future claims that may arise from the subject matter of the above-captioned action, whether such claims are currently known, unknown, foreseen or unforeseen.  The parties understand and acknowledge the significance and consequences of the specific waiver of section 1542 and hereby assume full responsibility for any injury, loss, damage, or liability that may be incurred hereafter by reason of or related to the subject matter that gave rise to this action.

5.	This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States of America, the Authority, their agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff.  This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6.	In return for the settlement herein, the Authority agrees to dismissal with prejudice of its cross-complaint against the United States, and the Authority, for itself and on behalf of its insurance carriers (if any), releases and waives all claims for contribution, defense, or indemnity, whether express, implied, or equitable, against the United States, as a result of Plaintiff's claims herein.

7.	It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses, and that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

8.	It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25% of the amount of the compromise settlement.

///

///

///

9. Payments by the United States will be made check issued to Plaintiff and her attorney and delivered to her attorney.

10. Payment by the Authority will be made by check issued to Plaintiff and her attorney and delivered to her attorney.

11. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.  In the event any plaintiff is a minor or legally incompetent adult, plaintiffs must obtain court approval of the settlement at their expense.  Plaintiff agrees to obtain such approval in a timely manner: time being of the essence.  Plaintiff further agrees that the United States of America may void this settlement at its option in the event such approval is not obtained in a timely manner.  In the event plaintiff fails to obtain such Court approval, the entire Stipulation and the compromise settlement are null and void.

12. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

13. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

[Remainder of Page Left Blank]

14. Upon approval by the Court as provided below, the above-captioned action and cross-action are hereby DISMISSED WITH PREJUDICE in its entirety and the Clerk of the Court is requested to enter this dismissal and release in the official docket and to close the case.

DATED: December 11, 2015

BENJAMIN B. WAGNER
United States Attorney

By:    /s/ Lynn Trinka Ernce
LYNN TRINKA ERNCE
Assistant United States Attorney
Attorneys for the United States of America

DATED: December 10, 2015

LAW OFFICES OF DAVID AZIZI

By:    /s/ David Azizi
DAVID AZIZI, ESQ.
Attorneys for Plaintiff

DATED: December 11, 2015

BORTON PETRINI, LLP

By:    /s/ Philip Avila
PHILIP AVILA, ESQ.
Attorneys for Defendant/Cross-Complainant
Housing Authority of the City of Riverbank

### ORDER

Pursuant to the foregoing stipulation, the above-captioned action and cross-action are hereby DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter this dismissal and close the case.

IT IS SO ORDERED.

Dated: December 15, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT